# United States District Court
Southern District of Indiana
NEW ALBANY DIVISION

| | |
|---|---|
| PEKIN INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | Case No. 4:21-cv-95 |
| ) | |
| v. ) | |
| ) | |
| RIVER CITY CLEAN TEAM, LLC, SCHULTE ) | |
| DESIGN AND CONSTRUCTION, LLC and ) | |
| LB MASONRY, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Pekin Insurance Company ("Pekin"), by counsel, pursuant to the Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment against Defendants, River City Clean Team, LLC, Schulte Design and Construction, and LB Masonry, LLC states as follows:

### I.   NATURE OF ACTION

1. This is an action for declaratory judgment pursuant the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of determining an actual controversy between the parties involving insurance coverage.

### II.   THE PARTIES

2. Plaintiff, Pekin Insurance Company ("Pekin") is an Illinois insurance company with its principal place of business located at 2505 Court Street, Pekin, Illinois 61558. At all

times material, it was authorized to transact the business of insurance within the state of Indiana. Pekin is a citizen of the State of Illinois.

3. Defendant, River City Clean Team, LLC ("River City"), at all times relevant hereto, is and was an Indiana limited liability company with its principal place of business located at 1408 Gingerwood Court, Clarksville, Indiana 47129. River City's sole member is Steve Brown, who is a resident and citizen of the State of Indiana.

4. Defendant, Schulte Design and Construction, LLC ("Schulte"), at all relevant times, was a Kentucky limited liability company with its principal place of business located at 2000 High Wickham Place, Suite 3000, Louisville, KY 40245. Schulte's sole member is Darryl D. Schulte who is a resident and citizen of the Commonwealth of Kentucky.

5. Defendant, LB Masonry, LLC ("LB"), at all relevant times, was a Kentucky limited liability company with its principal place of business located at 1712 Riverside Dr., Prospect, KY 40059. LB's sole member is Louis G. Berger who is a resident and citizen of the Commonwealth of Kentucky.

### III.   JURISDICTION AND VENUE

6. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant River City is situated within the district. Venue is also proper pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, because an actual controversy exists between the parties and within the jurisdiction of this Court.

8. This Court has personal jurisdiction over the Defendants.

## IV.     FACTUAL ALLEGATIONS

**A.     The Underlying Suit**

9. On or about April 30, 2020, a Complaint was filed by Schulte Design and Construction, LLC against LB Masonry, LLC in the Jefferson Circuit Court in Jefferson County, Kentucky, as 20-CL-002735 ("Underlying Complaint"). A copy of the Underlying Complaint is attached hereto and incorporated by reference as Exhibit A.

10. In the Underlying Complaint, Schulte alleged that its subcontractor, LB, damaged windows of Schulte's High Wickham Building 6 construction project and has failed to pay for or replace the same with appropriate replacement windows. Schulte alleged that LB or its subcontractors severely scratched and otherwise materially damaged 65 of Building 6's windows by improperly using razorblades to clean the windows.

11. Schulte has requested an award of the costs to replace the windows from LB and consequential damages, attorneys' fees, costs and expenses, including pre and post-judgment interest.

12. Schulte provided an estimate dated March 28, 2019 which placed the cost to replace the windows in excess of $78,000.

13. On or about July 27, 2020, a third-party complaint was filed by LB Masonry, LLC against River City Clean Team, LLC in the action currently entitled *Schulte Design and Construction, LLC (plaintiff) v. LB Masonry, LLC (defendant/third-party plaintiff) v. River City Clean Team, LLC (third-party defendant)*, the "Third-Party Complaint"). A copy of the Third-Party Complaint is attached hereto as Exhibit B.

14. In the Third-Party Complaint, LB alleged that around March 2019 it had subcontracted the cleaning of the windows to River City.

15. In the Third-Party Complaint, LB alleged that River City cleaned the windows on March 11 and/or March 12, 2019.

16. LB seeks contractual indemnity from River City for the claims and damages alleged by Schulte in the Underlying Complaint, recovery of attorney fees and litigation expenses in the action.

B. **The Policy**

17. Pekin issued its Commercial General Liability policy under policy number CL0227785 to named insured "River City Clean Team, LLC" with effective dates of coverage from November 1, 2018 to November 1, 2019 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit C and incorporated herein by reference.

18. The Policy provides in relevant part:

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*

*\*\*\**

*SECTION I – COVERAGES*
*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1. Insuring Agreement*

 *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

 *(1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*
 *(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.*
>
> **b.** *This insurance applies to "bodily injury" and "property damage" only if:*
>
> **(1)** *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
>
> **(2)** *The "bodily injury" or "property damage" occurs during the policy period; and*
>
> **(3)** *Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** -Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

[Policy form CG 00 01 10 01, p. 1 of 14].

\*\*\*

> **2.** **Exclusions**
>
> *This insurance does not apply to:*
>
> \*\*\*
>
> **j.** **Damage to Property**
>
> *"Property damage" to:*
>
> \*\*\*
>
> **(5)** *That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or*
>
> **(6)** *That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*
>
> \*\*\*

5

> *Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".*

[Policy form CG 00 01 10 01, pp. 2, 4 of 14].

\*\*\*

## *SECTION V – DEFINITIONS*

\*\*\*

16. *"Products-completed operations hazard":*

   a. *Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:*
      (1) *Products that are still in your physical possession; or*
      (2) *Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:*
         (a) *When all of the work called for in your contract has been completed.*
         (b) *When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.*
         (c) *When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.*

      *Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*

\*\*\*

22. *"Your work":*

   a. *Means:*
      (1) *Work or operations performed by you or on your behalf; and*
      (2) *Materials, parts or equipment furnished in connection with such work or operations.*
   b. *Includes*
      (1) *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and*
      (2) *The providing of or failure to provide warnings or instructions.*

[Policy form CG 00 01 10 01, pp. 11, 13, 14 of 14].

## V.     CLAIM FOR DECLARATORY RELIEF

19. River City sought insurance coverage from Pekin under the Policy.

20. In response to the request for coverage by River City, Pekin sent a letter dated December 22, 2020 to River City denying a duty to defend or indemnify River City against the allegations in the Third-Party Complaint.

21. An actual controversy exists as to the scope of the parties' rights and Pekin's obligations under the Policy.

22. Pekin now seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, to determine the rights and responsibilities of the parties with respect to the Policy relating to the claim against River City.

23. River City was hired to clean windows by LB, including removal of adhesive from a number of the windows.

24. During the process of cleaning the windows and removing the adhesive, River City used razor blades which Schulte alleged damaged the windows.

25. Policy exclusions (j)(5) and (j)(6) exclude the claims from coverage under the Policy.

26. .Pekin has no duty under the Policy to defend River City against the allegations in the Third-Party Complaint.

27. Pekin has no duty under the Policy to indemnify River City against the allegations in the Third-Party Complaint.

28. Defendants, Schulte and LB, have been joined in this action to the extent either has an interest in the resolution of the insurance coverage issues under the Pekin Policy.

WHEREFORE, Pekin Insurance Company, by counsel, respectfully requests the Court grant the following:

a. A declaration that Defendant River City is not entitled to coverage under the Policy for the allegations in the Third-Party Complaint;

b. A declaration that Pekin has no duty to provide a defense or otherwise indemnify Defendant River City against the allegations in the Third-Party Complaint;

c. A declaration that Defendants have no right to seek or collect any damages, money, insurance coverage, or any other relief from Pekin for the claims against River City in the Third-Party Complaint; and,

d. For such other relief as the Court may deem proper and just.

Respectfully submitted,

*/s/ Stephen C. Wheeler*
STEPHEN C. WHEELER, #14991-34

FISHER MAAS HOWARD LLOYD & WHEELER, P.C.
9765 Randall Dr., Suite F
Carmel, Indiana 46280
(317) 578-1900
(317) 578-1330 fax
swheeler@fishermaas.com